UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEVEN HEATON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-05253-LB<br><br>**ORDER DISMISSING CASE**<br><br>Re: ECF No. 13 |

　　The court can decide Wells Fargo's motion to dismiss without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and dismisses the case with leave to amend.

　　First, to the extent that the plaintiff claims a violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(a)(3), for the completeness and accuracy of information provided to a credit-reporting agency, there is no private right of action. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154, 1162 (9th Cir. 2009). Similarly, there is no private right of action under § 1681s-2(a)(8)(E) and (F). *Gomez v. Bayview Loan Servicing, LLC*, No. 3:14-cv-04004-CRB, 2015 WL 433669, at *5 (N.D. Cal. Feb. 2, 2015).

　　Second, the plaintiff did not plausibly plead a claim under 15 U.S.C. § 1681s-2(b). His complaint establishes that he made no payments from January 16, 2019 to July 31, 2019, which means that his account was 150 days past due on June 15, 2019, and 180 days past due on July 15,

2019.[1] He therefore did not plead an actionable inaccuracy related to Wells Fargo's 180-days-past-due-report. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). He also did not plead that Wells Fargo failed to conduct a reasonable investigation of any inaccuracy. *Gorman*, 584 F.3d at 1157.

Third, Wells Fargo is not a debt collector, and the claim against it for a violation of the Fair Debt Collection Practices Act (FDCPA) fails. *Gieseke v. Bank of Am., N.A.*, No. 13-cv-04772-JST, 2014 WL 718463, at *5 (N.D. Cal. Feb. 23, 2014). This claim is dismissed with prejudice.

Fourth, the Truth in Lending Act (TILA) claim is barred by the one-year statute of limitations. 15 U.S.C. § 1640(e). The final payment to the credit card at issue was on July 31, 2019. He filed his complaint on July 7, 2021. Further, no grounds support equitable tolling. The plaintiff learned of the alleged violation when he obtained his credit report in December 2019, again more than one year before he filed his complaint.[2]

Fifth, the plaintiff did not oppose Wells Fargo's motion to strike his claim for injunctive relief.[3]

The court strikes the claim for injunctive relief and dismisses the complaint. The FDCPA claim is dismissed with prejudice. The dismissal is otherwise without prejudice (though the court expects that the statute of limitations likely bars the TILA claim). The plaintiff has until January 6, 2022 to file an amended complaint.

**IT IS SO ORDERED.**

Dated: December 2, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[1] Compl. – ECF No. 1 at 3 (¶ 9); Transunion Rep., Ex. A to *id.*, ECF No. 1-1 at 22. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1 at 3 (¶¶ 8–9).

[3] Opp'n – ECF No. 17.